```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS


AARON SARNACKI, Derivatively    )
on behalf of Smith & Wesson     )
Holding Corp.,                  )
          Plaintiff             )
                                )
          v.                    ) C.A. 11-cv-30009-MAP
                                )
MICHAEL F. GOLDEN, ET AL.,      )
          Defendants            )
```

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION TO DISMISS
(Dkt. No. 29)

March 29, 2012

PONSOR, U.S.D.J.

This case is one of several shareholder derivative and securities class actions filed against officers and directors of Smith and Wesson Holdings, Inc. ("S&W"), a gunmaker incorporated in Nevada but with its principal place of business in Springfield, Massachusetts.

Plaintiff, Aaron Sarnacki, seeking to sue derivatively on behalf of S&W's shareholders, alleges that Defendant members of S&W's board of directors breached their state law fiduciary duties to the corporation by knowingly allowing allegedly incorrect sales forecasts to be published.

Before bringing this action, Plaintiff and others filed similar shareholder derivative actions in Hampden County Superior Court. In response, the directors of S&W appointed

a special litigation committee ("SLC") to investigate the derivative plaintiffs' claims. The SLC concluded that it was not worthwhile to pursue the claims, and the Defendant S&W Board of Directors adopted the SLC's recommendation.

Subsequently, Defendants moved to dismiss this action, based in part on the SLC's conclusion that the corporation should not proceed with the derivative plaintiffs' lawsuits. Plaintiff has opposed the motion to dismiss substantively and also contends that, if the court is inclined to allow Defendants' motion, he is entitled, at a minimum, to take limited discovery surrounding the SLC's independence, the good faith of the committee's members, and the reasonableness of the committee's investigation.

The arguments in favor of dismissal offered by Defendants, but unrelated to the role of the SLC, boil down to two. First, Defendants contend that this complaint merely incorporates allegations offered in a related securities case, as to which the court has recently allowed summary judgment based on the flat insufficiency of that earlier complaint's asserted facts. See In re Smith & Wesson Holding Corp. Sec. Litig., Nos. 07-30238-MAP, 08-10028-MAP & 08-30001-MAP, 2011 WL 6089727 at *15 (D. Mass. Mar. 25, 2011). Facts that were insufficient to support the earlier lawsuit are, ipso facto, also insufficient, Defendants say, to support this one. The flaw in this

argument is that the law in the earlier case provided Defendants a "safe harbor" for so-called "forward-looking" statements, whereas those statements enjoy no such protection in this litigation.  See Malone v. Brincat, 722 A.2d 5, 12-14 (Del. 1998) (comparing federal securities law with state business corporations law and noting that state law claims require merely a showing that false statements were made). Defendants' claims of factual inadequacy may prove persuasive at the summary judgment stage, if the case gets that far, but cannot justify dismissal now.

Defendants' second substantive argument is that the allegations of the complaint fall below the bar set by the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Aschcroft v. Iqbal, 556 U.S. 662 (2009).  While this argument has force, it is ultimately unpersuasive. Plaintiff asserts, for example, that S&W continued repeatedly to publish statements predicting steady or increased earnings, despite evidence of a substantial negative material change in the business. (Dkt. No. 1, Compl. at ¶¶ 7-11, 66-77, 81-84.)  Plaintiff alleges, for example, that, despite having knowledge that inventory was building up, and that S&W had received a citation for having guns literally spilling out of the S&W's gun storage area for lack of space, S&W and Defendants continued to predict increased earnings. (Id. at ¶¶ 10-11, 76).  Allegations such

as these are enough to carry the complaint over the preliminary hurdle, though perhaps not by a substantial margin.

In the end, Defendants' most powerful argument in support of their motion to dismiss rests on the thoroughness, competence, and good faith of the SLC. In order to insure fairness to Plaintiff, however, the court will deny Defendants' motion to dismiss on this ground without prejudice and establish a modest schedule for limited discovery prior to reconsideration of Defendants' motion.

This approach has clear support in the case law. It is well established that federal courts should apply state law in weighing the authority of independent directors to discontinue suit. <u>Burks v. Lasker</u>, 441 U.S. 471, 486 (1979); <u>see also</u> <u>Kamen v. Kemper Fin. Servs. Inc.</u>, 500 U.S. 90, 97 (1991) (corporate law is "substantive" rather than "procedural"). Nevada caselaw suggests, and both parties in their submissions have assumed, that Nevada's Supreme Court would follow Delaware's procedural approach in a motion to dismiss involving an SLC in a shareholder derivative lawsuit. See <u>In re Amerco Derivative Litig.</u>, 252 P.3d 681, 697 (Nev. 2011) (following Delaware law in determining whether shareholder has adequately pled demand futility); <u>see also</u> <u>Castillo v. Cavallaro</u>, No. A467663, Order of Oct.

24, 2003 (Nev. 8th Jud. D. Ct. Oct. 24, 2003) (following Delaware approach in weighing whether to grant a special litigation committee's request to stay litigation).

Under Delaware law, when an SLC conducts an investigation, a derivative plaintiff normally is permitted "limited discovery" in order to investigate the independence and good faith of the committee's members, and the reasonableness of the committee's investigation. Zapata Corp. v. Maldonado, 430 A.2d 779, 788 (Del. 1981).

In this case, as noted, Defendants' motion to dismiss rests in large part on the SLC's recommendation not to pursue the derivative lawsuit. Indeed, given the court's position on the other substantive arguments, this is the only argument that has the potential to justify dismissal at this early stage. Plaintiff has not had an opportunity to "build a record" on the SLC's good faith, independence, and reasonableness. Id. Therefore, the court will allow Plaintiff to take limited discovery on this narrow issue, to be completed on or before June 30, 2012, in accordance with Zapata and its progeny.

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 29) is DENIED without prejudice. A renewed motion to dismiss may be filed on or before July 31, 2012 and opposed by August 31, 2012. The court will

thereafter either set the motion for hearing or rule on the papers.

It is So Ordered.

                                        /s/ Michael A. Ponsor
                                        MICHAEL A. PONSOR
                                        U. S. District Judge